UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANETH DELGADO, CARLOS LEYVA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:25-cv-00484-JPH-TAB |
| INDIANA DEPARTMENT OF CHILD SERVICES (DCS), MARION COUNTY DIVISION, LAINA PATTON Individually and in Official Capacity, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND SCREENING COMPLAINT**

Plaintiffs, Janeth Delgado and Carlos Leyva, filed this lawsuit against the

Indiana Department of Child Services and one of its caseworkers alleging that

DCS is unlawfully investigating them without providing due process.  Dkt. 1.

**I.    Motion to proceed *in forma pauperis***

Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2]; *see*

28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Plaintiffs to proceed

without prepaying the filing fee, they remain liable for the full fees.  *Rosas v.*

*Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019)

("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed

'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No

payment is due at this time.

1

## II.   Screening

The Court has the inherent authority to screen Plaintiffs' complaint.

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

power to screen complaints filed by all litigants, prisoners and non-prisoners

alike, regardless of fee status.").  Pro se complaints are construed liberally and

held to a less stringent standard than formal pleadings drafted by lawyers.

*Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

Plaintiffs allege that after they withdrew their children from public school

to homeschool them, DCS relied on false information to investigate and harass

them.  Dkt. 1 at 2.  They seek compensatory damages and a temporary

restraining order that would prevent DCS "from further harassment, home

visits, or forced interviews with Plaintiffs' children."  *Id.* at 3.

Generally, a plaintiff may seek money damages and injunctive relief in

federal court under 42 U.S.C. § 1983 for constitutional violations committed by

state actors.  *See Kress v. CCA of Tennesee, LLC*, 694 F.3d 890, 894 (7th Cir.

2012).  However, under a rule called *Younger* abstention, "a federal court

should not interfere with pending state judicial proceedings" absent

extraordinary circumstances.  *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir.

1986) (explaining *Younger v. Harris*, 401 U.S. 37 (1971)).

A federal court therefore cannot hear cases that would require it to

"resolv[e] isolated legal issues that might matter" to pending state child-welfare

cases.  *Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018).  So if

Indiana has brought a judicial proceeding concerning the welfare of Plaintiffs'

children, "a federal court should abstain [from hearing the case] and let [Plaintiffs] present their constitutional arguments to the state officials." *Id.*; *see Brunken*, 807 F.2d at 1330 ("This role of the State [as a party to child-welfare proceedings], plus its very strong interest in the health and welfare of the child, warrant the conclusion that *Younger* applies" when state proceedings are ongoing about the placement of the child.).

Here, Plaintiffs cite a pending state case in Marion County, Indiana and seek an order from this Court that would stop the enforcement of a "recent Court Order" compelling them to comply with DCS's requirements, including interviews of their children. Dkt. 3. It therefore appears that they are involved in an ongoing state case that involves the same issues they raise in their complaint here. *See id.* *Younger* abstention therefore prevents this Court from hearing Plaintiffs' case. *See J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) ("It is not enough for Edwin to invoke § 1983 and point to his constitutional right to familial association. He cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute.").

Plaintiffs also have not alleged that they are legally prohibited from bringing their claims and arguments in that state proceeding. *See Moore v. Sims*, 442 U.S. 415, 426 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court

should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  It therefore appears that Plaintiffs must raise their claims in state court and, if necessary, follow the state appellate process.  *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *J.B.*, 997 F.3d at 724 (Abstention "applies with equal force to . . . declaratory and injunctive relief, as well as . . . compensatory damages.").

Because it appears that this Court cannot hear Plaintiffs' claims, their motion for a temporary restraining order is **DENIED**.  Dkt. [3]; *see City of South Bend v. South Bend Common Council*, 865 F.3d 889, 893 (7th Cir. 2017). Plaintiffs **shall have through April 11, 2025** to file a statement addressing why this case should not be dismissed without prejudice for the reasons in this order.

### III. Conclusion

Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2].  Their motion for a temporary restraining order is **DENIED**.  Dkt. [3].

Plaintiffs **shall have through April 11, 2025** to file a statement addressing why this case should not be dismissed for the reasons in this order. If they do not do so, the Court will dismiss this case without prejudice without further notice.

**SO ORDERED.**

Date: 3/14/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JANETH DELGADO
641 E. 31st St.
Unit A
Indianapolis, IN 46205

CARLOS LEYVA
641 E. 31st St.
Unit A
Indianapolis, IN 46205