UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANETH DELGADO, CARLOS LEYVA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:25-cv-00484-JPH-TAB ) |
| INDIANA DEPARTMENT OF CHILD SERVICES (DCS), MARION COUNTY DIVISION, LAINA PATTON Individually and in Official Capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING CASE**

Plaintiffs, Janeth Delgado and Carlos Leyva, filed this lawsuit against the Indiana Department of Child Services and one of its caseworkers alleging that DCS is unlawfully investigating them without providing due process. Dkt. 1. They seek compensatory damages and an order preventing DCS "from further harassment, home visits, or forced interviews with Plaintiffs' children." *Id.* at 3.

The Court screened Plaintiffs' complaint and ordered them to show cause why this case should not be dismissed under the *Younger* abstention doctrine, which says that "a federal court should not interfere with pending state judicial proceedings" absent extraordinary circumstances. Dkt. 9 (quoting *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986)). Under that rule, a federal court cannot hear cases that would require it to "resolv[e] isolated legal issues that might matter" to pending state child-welfare cases. *Id.* (quoting *Milchtein v.*

1

*Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018)). So if Indiana has brought a judicial proceeding concerning the welfare of Plaintiffs' children, "a federal court should abstain [from hearing the case] and let [Plaintiffs] present their constitutional arguments to the state officials." *Id.*

Plaintiffs responded to that order, arguing that this case "raises distinct constitutional issues under federal law that are not being addressed in any state proceeding." Dkt. 12 at 1. However, as the Court's previous order explained, *Younger* abstention applies unless Plaintiffs cannot raise these issues in the state-court proceeding. *See Moore v. Sims*, 442 U.S. 415, 426 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."). That ordinarily requires them to try in state court before they can pursue the claims in federal court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Here, Plaintiffs do not allege that they have tried and been prevented from raising their arguments in state court. *See* dkt. 1; dkt. 12. Instead, they argue without support that the state-court proceedings "do not provide any mechanism to challenge the unlawful conduct of the agency itself." *Id.* at 2. That is not enough to show a clear legal bar, or an inability to seek relief in the state appellate process as necessary. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995).

Last, Plaintiffs argue that their claims "are distinct from any child placement or family law matter." Dkt. 12 at 3. But their complaint alleges harassment, home visits, and child interviews in connection with court orders and proceedings in a pending state case in Marion County, Indiana. Dkt. 1 at 1–2. That is enough to require *Younger* abstention. *See Brunken*, 807 F.2d at 1330 ("This role of the State [as a party to child-welfare proceedings], plus its very strong interest in the health and welfare of the child, warrant the conclusion that *Younger* applies" when state proceedings are ongoing about the placement of the child.); *see also J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) ("It is not enough for Edwin to invoke § 1983 and point to his constitutional right to familial association. He cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute.").

*Younger* abstention therefore applies and this case is **dismissed without prejudice**. *See J.B.*, 997 F.3d at 725 (affirming dismissal as the proper outcome in contexts like this one when "a stay is not practical"). Plaintiffs' motion for temporary restraining order is **denied**. Dkt. [10]. Final judgment will issue by separate entry.

Plaintiffs also filed two copies of state-court filings that included minors' names that should have been redacted under Federal Rule of Civil Procedure 5.2(a). Dkt. 7; dkt. 8. The **Clerk is directed** to docket redacted versions of those filings.

**SO ORDERED.**

Date: 5/6/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JANETH DELGADO
641 E. 31st St.
Unit A
Indianapolis, IN 46205

CARLOS LEYVA
641 E. 31st St.
Unit A
Indianapolis, IN 46205